IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMMANUEL PAGE,

                Plaintiff,

v.

DANIEL WINKLESKI, BRIAN CAHAK, MICHAEL
SUBJEK, COREY RAHLF, ROBERT W. DOYLE, T.
CRAPSER, T. FORSYTHE, XAVIER GLENN, and
ANNA BARRETT,

                Defendants.

ORDER

21-cv-761-wmc[1]

---

     Pro se plaintiff Emmanuel Page is a state prisoner who was incarcerated at the New Lisbon Correctional Institution at times relevant to this case. Page sought relief under 42 U.S.C. § 1983, alleging that defendants unlawfully monitored and recorded his telephonic conversations with his attorney. I screened Page's complaint under 28 U.S.C. § 1915A and granted him leave to proceed on his First Amendment, Fourth Amendment, and Federal Wiretap Act claims for damages against defendants Forsythe, Glenn, Subjek, Rahlf, Doyle, Barrett, Crasper, Cahak, and Winkleski, all of whom work for the Wisconsin Department of Corrections (DOC). But I dismissed Page's Wisconsin-law and injunctive relief claims. I also dismissed several defendants, all of whom, except defendant Carr, were corporate defendants.

     Page now asks for reconsideration of parts of the screening order. Page contends that he complied with Wisconsin's notice-of-claim requirements before he filed this lawsuit and, therefore, he asks me to reconsider my decision to dismiss his Wisconsin-law claims. I will accept his allegations that he complied with Wis. Stat. § 893.82, so I will not dismiss his

---

[1] I am exercising jurisdiction over this case for screening purposes only.

Wisconsin-law claims for that reason. But I must nevertheless consider whether Page has stated any viable Wisconsin-law claims.

Page alleges a violation of the Wisconsin Open Records Act. But the thrust of the complaint is that defendants unlawfully monitored and recorded Page's telephonic conversations with his attorney. At best, the Open Records claim is only "only tangentially related to [Page's] federal claims." *See Kunferman v. Bd. of Regents Univ. of Wis. Sys.*, No. 09-CV-662-BBC, 2010 WL 3730901, at *7 (W.D. Wis. Sept. 20, 2010). I will decline to exercise supplemental jurisdiction, under 28 U.S.C. § 1367, over the Open Records claim. *See id.*

Page alleges a violation of Wis. Stat. § 905.03, "which codifies the attorney-client privilege." *Beam v. IPCO Corp.*, 838 F.2d 242, 247 (7th Cir. 1988). Because I know of no authority that creates a private right of action for violations of this statute, I will not allow this claim to proceed.

Page alleges a violation of the Wisconsin Constitution, without specifying the provisions that defendants supposedly violated. Because it is overbroad, and because the "state constitution does not authorize suits for money damages except in the context of a takings claim," *Kowald v. Columbia Cty.*, No. 18-CV-582-JDP, 2019 WL 1332583, at *3 (W.D. Wis. Mar. 25, 2019), I will not allow this claim to proceed.

Page alleges a violation of the Wisconsin Electronic Surveillance Control Law (WESCL). The WESCL is "patterned" after the Federal Wiretap Act, *see State v. House*, 2007 WI 79, ¶ 14, and contains similar provisions for liability and damages, *see Griffin v. City of Milwaukee*, 74 F.3d 824, 828–29 (7th Cir. 1996); *State v. Gilmore*, 201 Wis. 2d 820, 838–39 (1996). For the same reasons that Page stated a claim for damages under the Federal Wiretap Act against certain defendants, he has stated a claim for damages under the WESCL. I will

allow this claim to proceed against Forsythe, Glenn, Subjek, Rahlf, Doyle, Barrett, Crasper, Cahak, and Winkleski. I will not allow this claim to proceed against the other defendants for the same reasons that I disallowed Page from proceeding on his Federal Wiretap Act claims against those defendants.

Page asks for leave to proceed on a Wisconsin-law negligence claim against corporate defendant Inmate Call (IC) Solutions. Although Page did not expressly assert a negligence claim in his complaint, I will treat the motion for reconsideration as a request for leave to supplement the complaint to add a negligence claim against IC Solutions. Because I stated in my screening order that Page's allegations against IC Solutions suggested negligence, *see* Dkt. 10 at 5–6, I will allow Page to proceed against IC Solutions on a negligence claim.

Page asks me to reconsider my decision to disallow his access-to-the-courts claim. But, even with the allegations in his motion for reconsideration, Dkt. 14 at 5–6, Page has not sufficiently alleged that defendants' actions caused him "some actual concrete injury," Dkt. 10 at 7. Although Page alleges that defendants interfered with his ability to settle a separate § 1983 case, that case did settle, and the court did not assess Page costs or fees for his alleged failure to promptly sign the release. And Page's allegation that defendants caused him to miss a deadline in a state case is too conclusory to allow this claim to proceed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). I will not reconsider my decision to disallow Page's access-to-the-courts claim.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, Dkt. 14, is GRANTED in part and DENIED in part.

3

2. Plaintiff is GRANTED leave to proceed on his claim for damages under the Wisconsin Electronic Surveillance Control Law against defendants Forsythe, Glenn, Subjek, Rahlf, Doyle, Barrett, Crasper, Cahak, and Winkleski.

3. Plaintiff is GRANTED leave to proceed on his negligence claim for damages against defendant Inmate Call Solutions. The clerk of court is directed to READD Inmate Call Solutions as a defendant.

4. Plaintiff's claim under the Wisconsin Open Records Act is DISMISSED, without prejudice, because the court declines to exercise supplemental jurisdiction.

5. Plaintiff's claims under Wis. Stat. § 905.03 and the Wisconsin Constitution are DISMISSED.

6. The clerk of court is directed to ensure that the United States Marshals Service serves defendant Inmate Call Solutions with a copy of plaintiff's complaint, the court's order of December 13, 2022, Dkt. 10, and this order. Plaintiff should not attempt to serve any defendant on his own at this time.

Entered January 5, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge