IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EMMANUEL PAGE,

        Plaintiff,

      v.                          Case No. 21C0761

INMATE CALL SOLUTIONS, et al.,

        Defendants.

**STATE DEFENDANTS' ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendants Todd Forsythe, Xavier Glenn, Michael Subjek, Corey Rahlf, Robert Doyle, Anna Barrett, Timothy Crasper, Brian Cahak, and Daniel Winkleski (hereinafter "State Defendants"), by and through undersigned counsel, hereby respond to Plaintiff's Complaint, as follows:

1.    These answering Defendants ADMIT that Plaintiff was incarcerated at New Lisbon Correctional Institution (New Lisbon) at times relevant to the claims in his complaint; ALLEGE that he is currently incarcerated at Oakhill Correctional Institution.

2.    These answering Defendants ADMIT Daniel Winkleski was the Warden at New Lisbon at times relevant to the claims in this lawsuit; DENY that he is currently the Warden.

3.    These answering Defendants Todd Forsythe, Xavier Glenn, Michael Subjek, Corey Rahlf, Robert Doyle, Anna Barrett, Timothy Crasper, and Brian Cahak

ADMIT that they are currently employed at New Lisbon and were so at times relevant to the claims in this lawsuit.

4.      These answering Defendants ADMIT this Court has jurisdiction over plaintiff's federal claims; ADMIT venue is proper in the Western District of Wisconsin.

5.      These answering Defendants DENY that they violated any of Plaintiff's constitutional rights or Wisconsin state law.

6.      These answering Defendants DENY the Plaintiff is entitled to any of the relief requested herein.

7.      These answering Defendants join Plaintiff's jury demand.

8.      Anything not expressly admitted to above is hereby DENIED. This answer is being submitted as a general denial.

## DEFENSES

1.      All or portions of the Plaintiff's complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

2.      To the extent that the State Defendants are named in their personal capacities, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of qualified immunity.

3.      To the extent that the State Defendants are named in their official capacities, all
or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4.    Claims in this case are limited by 42 U.S.C. §1997e.

5.    The State Defendants reserve the defense of Plaintiff's failure to mitigate damages.

6.    All or a portion of Plaintiff's complaint is subject to or barred by the doctrines of comparative negligence or contributory negligence.

7.    Any damages sustained by Plaintiff were caused by intervening and/or superseding causes over which these answering Defendants had no control, including but not limited to, the acts or omissions of the Plaintiff.

8.    This action is subject to the requirements, provisions, terms, conditions, and limitations of Wis. Stat. § 893.82.

9.    All or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of discretionary immunity.

**WHEREFORE**, State Defendants demand judgment, dismissing Plaintiff's complaint on the merits with prejudice, and providing any other relief the Court deems just and proper, including an award of the State Defendants' reasonable attorney fees and expenses.

Dated February 9, 2023.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/Rebecca A. Paulson
REBECCA A. PAULSON
Assistant Attorney General

State Bar #1079833

Attorneys for State Defendants.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0278
(608) 294-2907 (Fax)
paulsonra@doj.state.wi.us