In the United States District Court
For the Western District of Wisconsin

Emmanuel Page,
    Plaintiff,

v.                      Case No. 21CV0761

Inmate Calls Solutions, et al.,
    Defendants.

Plaintiff's Brief in Opposition to the Defendant's Motion for Partial Summary Judgment Due to Plaintiff's Failure to Exhaust Administrative Remedy

Now comes the plaintiff, Emmanuel Page - Pro-Se, hereafter (Page) responding the defendant's attorney Rebecca Ann Paulson, and Ashley Fard motion for Partial Summary Judgment.

The defendant's attorneys posits that Page failed to exhaust his administrative remedies regarding all claims against the state employees/defendants specifically Daniel Winkleski, Brian Cahak, Michael Subjek, Corey Rahlf, Robert W Doyle, T. Crapser, T. Forsythe Xaiver Glenn.

Page concedes that he did not exhaust his administrative remedies on his claims against the above listed defendants.

Page concedes that the Prison Litigation Reform Act of 1995 (PLRA) including 42 U.S.C. 1997e(a) prescribes that inmates are required to exhaust their available administrative remedies against state DOC employees through the Inmate Complaint Review System (ICRS) before bringing a 42 U.S.C. 1983 civil rights action with respect to prison conditions.

Page concedes, and agrees with the defendant's attorney proposition in its brief at pp. 10-12. Moreover, Page concedes, and agrees that the only claims that should remain against the state defendant alleging that defendant unlawfully monitored and recorded his telephone lawyer client calls with his attorney Robert Meyeroff is defendant Anna Barrett.

Page posits that he utilized the ICRS for complaint # NLCI 2021-12787, and subsequently appealed the Inmate Complaint Examiner's decision to Madison.

However, Page rejects the state defendant's attorney proposition that the only claims that should remain related to Page's First Amendment claims is defendant Brian Cahak.

②

Page advanced a First Amendment claim alleging that both Brian Cahak, and the Warden Daniel Winleski denied his access to his counsel of record. Page posits that he did in fact exhaust his administrative remedies available through the institutions ICRS.

According to the state defendant's attorney's records and exhibits Page filed a complaint against the defendant Brian Cahak see state's Exhibit 102-11 complaint # NLCI 2021-13960, Exhibit 102-9, 8, 7, 6, 5, 4, 3, 2, 1. The record clearly demonstrate's exhausted his administrative remedies against the defendant.

Moreover, the state defendant's attorney's records and exhibits also demonstrate that Page filed a complaint against the defendant Daniel Winkleski alleging that the defendant violated Page's access to his attorney of record, see inmate complaint # NLCI 2021-14861 Exhibit 104-6, 8, 4, 3, 2, 1. See defendant's attorney's exhibits.

Page respectfully requests that this court reject the defendant's attorney's argument that the only claims that should remain against the state defendants are claims against Cahak related to the no-contact order. Page's First Amendment claims relating to him being denied access to counsel of record relates to both the defendants Brian Cahak, and Daniel Winkleski.

Therefore Page requests respectfully that Page did exhaust his administrative remedies on his claims (First Amendment) relating to Cahak, and Winkleski. Page respectfully requests that the court find that Page exhausted his claims against both defendants relating to Page's First Amendment claims.

Respectfully submitted

Emmanuel Page
5/31/2023

(4)