IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EMMANUEL PAGE,

                Plaintiff,              OPINION AND ORDER

  v.

                                        21-cv-761-wmc

INMATE CALL SOLUTIONS,
DANIEL WINKLESKI, BRAIN CAHAK,
MICHAEL SUBJEK, COREY RAHLF,
ROBERT W. DOYLE, T. CRAPSER,
T. FORSYTHE, XAVIER GLENN,
and ANNA BARRETT,

                Defendants.

*Pro se* plaintiff Emmanuel Page is proceeding on federal and state law claims arising from defendants' alleged unlawful monitoring of and interference with phone calls between Page and his attorney. Before the court is the state defendants' motion for partial summary judgment, alleging that Page failed to exhaust his claims against Daniel Winkleski, Brain Cahak, Michael Subjek, Corey Rahlf, Robert W. Doyle, T. Crapser, T. Forsythe, and Xavier Glenn. (Dkt. #29.) In addition, corporate defendant Inmate Calls Solutions ("I.C. Solutions") has filed a separate motion for summary judgment alleging that Page also failed to exhaust his negligence claim against it. (Dkt. #33.) For the following reasons, the court will grant in part and deny in part the state defendants' motion, as well as grant defendant I.C. Solution's motion.

OPINION

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42

U.S.C. § 1997e(a).  Generally, a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all of the necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).  Moreover, "[e]xhaustion is necessary even if . . . the prisoner believes that exhaustion is futile."  *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

The purpose of the exhaustion requirement is to afford the prison administrators a fair opportunity to resolve the grievance without litigation.  *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  Thus, a prisoner's failure to exhaust constitutes an affirmative defense that must be proven by the defendant*.  Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).  At summary judgment, a defendant must specifically show that there is no genuine dispute of material fact as to the plaintiff's failure to exhaust and that they are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To exhaust administrative remedies in Wisconsin, a prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310.  The ICRS procedure begins with an inmate filing a grievance with the Inmate Complaint Examiner ("ICE") within fourteen calendar days of the event giving rise to the complaint.  Wis. Admin.  Code § § 310.07, 310.11.  The grievance must identify only one issue and provide sufficient information for the department to investigate and decide the grievance.  *Id.* § 310.07(5)-(6).  If the ICE rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal that rejection.  *Id.* § 310.10(10).  If the ICE does not reject the grievance outright, it will recommend to the

2

reviewing authority how the grievance should be resolved. *Id.* § 310.10(9). The grievance is then decided by the appropriate reviewing authority, whose decision can also be appealed by the inmate to a correctional complaint examiner. *Id.* §§ 310.11, 310.12. The corrections examiner then recommends a course of action to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.12, 310.13.

**I. Claims against the State Defendants**

Plaintiff was granted leave to proceed on First Amendment, Fourth Amendment, Federal Wiretap Act, and Wisconsin Surveillance Control Law claims against state defendants Forsythe, Glenn, Subjek, Rahlf, Doyle, Barrett, Crapser, Cahak, and Winkleski. (Dkt. ##10 at 9; 15 at 4.) These defendants seek summary judgment on all of these claims, except for plaintiff's claims against Barrett and his First Amendment claim against Cahak. There is no dispute that plaintiff did not exhaust any of his claims against defendants Subjek, Rahlf, Doyle, Crapser, Forsythe, or Glenn. With respect to defendant Cahak, plaintiff acknowledges only exhausting his First Amendment claim. The court will grant summary judgment in favor of these defendants accordingly.

A dispute remains, however, as to whether plaintiff exhausted his First Amendment claim against defendant Winkleski in two grievances. On September 10, 2021, plaintiff filed grievance NLIC-2021-13960, alleging that Cahak violated various constitutional rights by prohibiting him from contacting his attorney. (Dkt. #31-3 at 11-13.) The ICE recommended dismissal on the merits of those allegations. (*Id.* at 2). However, on the same day as that denial, September 22, plaintiff received a letter from Winkleski stating that the no-contact order would remain in place. Plaintiff then filed grievance NLCI-2021-

3

14861 on September 28, maintaining that Winkleski was violating his First Amendment rights. (Dkt. #31-5 at 6-8, 10.) While the ICE rejected this second grievance the very next day, September 29, because the issue "has been addressed previously through the ICRS (see complaint# NLCI-2021-13960)," the ICE also addressed the merits of that grievance, finding "no information that would support a violation on the part of [Winkleski]." (*Id.* at 4.)

Moreover, plaintiff timely appealed both results. (*See* dkt. ##31-3 at 17-19; 31-5 at 33.) In appealing the dismissal of his September 10, 2021, grievance against Cahak, plaintiff alleged that both Winkleski and Cahak were preventing him from contacting his lawyer, which the Correctional Complaint Examiner and the Secretary's office both dismissed. (Dkt. #31-3 at 9.) While that appeal process was ongoing, plaintiff also appealed from the rejection of his September 28, 2021, grievance against Winkleski. That appeal is stamped as received on October 7, 2021, although there is no evidence of its disposition in the record. (*See* dkt. ##30 at 5; 31-3 at 6-7; 31-5 at 5, 33; 38 at 2.)

The state defendants argue that plaintiff did not exhaust his First Amendment claim against Winkleski because he did not raise any allegations against him in the September 10 grievance, and indeed, there is no language in that initial grievance that would indicate Winkleski was also targeted in addition to Cahak. Typically, this would mean that plaintiff has not exhausted his administrative remedies as to Winkleski. *See Roberts v. Neal*, 745 F.3d 232, 235 (7th Cir. 2014) (the "fatal defect" of plaintiff's grievance was "the absence of anything in it to indicate that [the defendant] was the target"). However, plaintiff filed a second grievance about the no-contact order that squarely implicated Winkleski.

4

Moreover, the ICE summarized the investigation conducted into this later claim, concluding that there was no information to support it and further rejecting the grievance based on the ICE's belief that it had been previously denied in response to Page's initial grievance. Thus, the ICE not only addressed the merits of the second grievance, but the result seems to suggest that plaintiff should have raised his First Amendment allegations against Winkleski in the context of his past grievance about Cahak, even if plaintiff was not aware of a basis for a claim against the warden until after his initial grievance had been filed and dismissed. Regardless, while a properly rejected grievance on procedural grounds generally does not fulfill the exhaustion requirement, *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005), and the ICE's decision in this case rejecting plaintiff's second grievance "may appear procedural at first blush, it was [also] a merits-based determination premised on the examiner's interpretation of the grievance." *McDaniel v. Meisner*, 617 F. App'x 553, 558 (7th Cir. 2015) (addressing a grievance rejected for raising an issue the ICE determined had been previously addressed); *Conyers*, 416 F.3d at 584 ("Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits.").

The exhaustion of Page's grievance against Winkleski arguably turns on how plaintiff's appeal of the ICE's rejection on the merits was resolved. The state defendants assert in reply that plaintiff's efforts to exhaust his claim that Winkleski prevented him from consulting with his lawyer are now irrelevant, since he is only proceeding in this court based on allegations that he monitored plaintiff's calls. (Dkt. #38 at 2.) In fairness to the state defendants, the court's screening order could have better spelled out the factual basis

5

for plaintiff's First Amendment claim against Winkleski. (*See* dkt. #10 at 6.) However, plaintiff consistently alleged in his initial, exhausted grievance in NLCI-2021-14861, his appeal from the dismissal of his other grievance in NLCI-2021-13960, and his complaint in this case, which references both grievances, that he believes Winkleski interfered with his right to communicate with his lawyer by enforcing the no-contact order. (*See* dkt. ##1 at 18-19; 31-3 at 17; 31-5 at 6, 8.) Accordingly, the court clarifies that this is the factual basis for plaintiff's First Amendment claim against Winkleski and will deny the state defendants' motion for summary judgment on this claim for failure to exhaust.

## II. Negligence Claim against Defendant I.C. Solutions

This leaves corporate defendant I.C. Solutions' motion for summary judgment on plaintiff's claim that it was negligent in failing to prevent prison staff from monitoring calls with his lawyer.[1] Neither party recognizes that the PLRA's exhaustion requirement does not apply to plaintiff's state-law claim. *See* 42 U.S.C. § 1997e(a) (requiring exhaustion for actions brought under "section 1983 of this title, or any other *Federal* law" (emphasis added)). However, Wisconsin imposes a similar exhaustion requirement for state law claims, prohibiting prisoners from filing "a civil action or special proceeding . . . with respect to the prison or jail conditions in the facility in which he is or has been incarcerated,

---

[1] Plaintiff filed for leave to sur-reply to I.C. Solutions' motion (dkt. #40) and a purported brief in sur-reply (dkt. #41). The court struck the sur-reply because it had not yet granted plaintiff permission to file it, but noted that it would consider that filing if it ultimately granted plaintiff's motion for leave. (Dkt. #42.) Although sur-replies are generally disfavored, the court will grant plaintiff's motion and has considered his arguments in light of his *pro se* status. However, those arguments do not change the court's conclusion for the reasons set forth above, so I.C. Solutions is not ultimately prejudiced by its consideration.

imprisoned or detained until the person has exhausted all available administrative remedies that the department of corrections had promulgated by rule." Wis. Stat. § 801.02(7)(b). Because Wisconsin's law is based on the federal PLRA, courts can also take guidance from federal PLRA case law. *See Compton v. Cox*, No. 12-cv-837-jdp, 2017 WL 933152, at *6 (W.D. Wis. Mar. 8, 2017) (plaintiff "is free to use federal PLRA case law in analyzing the Wisconsin version").

Defendant I.C. Solutions argues that plaintiff never gave notice of a potential problem with the company, while plaintiff alleges in grievance NLCI-2021-12787 that defendant Barrett illegally monitored a call with his attorney, noting further that the institution has a "contract" with I.C. Solutions in which its system is to monitor and record all inmate phone calls *unless* the number dialed is for an attorney *and* that with every call placed to his attorney, he hears a message that the call will not be monitored or recorded. (Dkt. #37-1 at 1, 3.) Nothing in plaintiff's grievance alleges wrongdoing on behalf of I.C. Solutions. Although plaintiff argues that his allegations *implied* negligence, an implied issue is neither an obvious nor sufficient basis to prompt the ICE to investigate. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (explaining that a prisoner must give the prison notice of a problem and an opportunity to address it). Indeed, plaintiff concedes that if his grievance "did not contain enough information for the prison to investigate and decide whether I.C. Solutions was negligent," then plaintiff "did not file an inmate complaint against I.C. Solutions." (Dkt. #37 at 5-6.)

However, plaintiff argues that it is unclear whether the grievance process applies to third-party telecommunication contractors, and represents that he was unaware of any

7

"agency relationship" between I.C. Solutions and the prison, which makes this a closer question. (Dkt. #37 at 13-14.) In support, plaintiff points to two decisions: *Compton* and *Atwater v. Gugler*, No. 19-cv-363, 2020 WL 3258767 (E.D. Wis. June 16th, 2020). The plaintiff in *Compton* brought medical malpractice claims against private medical care providers who worked outside the prison. When these defendants argued failure to exhaust, the court agreed with the plaintiff that he had no reason to think the defendants were agents of the Wisconsin Department of Corrections ("DOC"), and thus, no reason to think that he needed to a file a grievance about private, outside medical staff based on existing DOC regulations. *Compton*, 2017 WL 933152 at *5-7. In reliance on *Compton*, *Atwater* reached the same conclusion about the same type of defendant. *Atwater*, 2020 WL 3258767 at *5.

However, this case does not concern private medical providers performing procedures outside prison walls; rather, plaintiff's grievance shows he was not left to guess at the relationship between I.C. Solutions and the DOC. (*See* dkt. #37-1 at 1, 3.) Administrative remedies are not available to prisoners when institutional officials require steps not mandated by regulation or rule. *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016). In sur-reply, plaintiff notes that the ICRS's objectives include allowing inmates to raise issues regarding "employee actions that personally affect the inmate or institution environment" and department policies, rules, and living conditions. Wis. Admin. Code § DOC 310.01(2). Because I.C. Solutions' DOC contract identifies it as an independent contractor, rather than as the DOC's officer, agent or employee, plaintiff argues that it falls outside the scope of the ICRS. However, the Wisconsin Administrative Code, which

governs exhaustion requirements, was revised in 2018 to define an "employee" as "any staff member, an employee of a contract agency, an *independent contractor*, or a volunteer of the department or an institution." § DOC 310.03(8) (emphasis added). Accordingly, this court will grant summary judgment in favor of defendant I.C. Solutions and dismiss plaintiff's negligence claim against it.

Accordingly, plaintiff may still proceed on all of his claims against defendant Barrett and on his First Amendment claims against defendants Cahak and Winkleski. As for the court's dismissal of plaintiff's other claims for failure to exhaust, it will be *without* prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). This means that plaintiff can refile them if he can successfully exhaust them, although this may prove impossible if the relevant events happened too long ago.

ORDER

IT IS ORDERED that:

1) Plaintiff Emmanuel Page's motion for leave to file a surreply (dkt. #40) is GRANTED.

2) The state defendants' motion for partial summary judgment for failure to exhaust administrative remedies (dkt. #29) is GRANTED in part and DENIED in part as follows:

   a. Plaintiff's claims against defendants Subjek, Rahlf, Doyle, Crapser, Forsythe, and Glenn are DISMISSED, and these defendants are DISMISSED from this lawsuit.

   b. Plaintiff's claims against defendants Cahak and Winkleski are DISMISSED except for his First Amendment claims against these defendants.

   c. All of plaintiff's claims against defendant Barrett may proceed.

3) Inmate Call Solutions' motion for summary judgment for failure to exhaust administrative remedies (dkt. #33) is GRANTED and this defendant is DISMISSED from this lawsuit.

Entered this 9th day of November, 2023

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge